**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

JOHN DOE,

    Plaintiff,

    v.

GUTTERIDGE JEANCHARLES, M.D., P.A.; and GUTTERIDGE JEAN-CHARLES,

    Defendants.

Case No. 6:24-cv-34-ACC-RMN

## ORDER

This cause comes before the Court for consideration after a review of the docket. Without first seeking leave, Plaintiff is identified using a pseudonym in the complaint and on the docket. *See* Dkt. 1. This raises two issues.

First, the Court must know Plaintiff's identity so that the assigned judicial officers may ensure they do not have a disqualifying conflict of interest. *See* 28 U.S.C. § 455; Canon 3(C)(1) of the Code of Conduct for United States Judges. As to this issue, Plaintiff is directed to file a disclosure statement that discloses his identity. *See* Fed. R. Civ. P. 7.1; Local Rule 3.03. Plaintiff shall file two statements, one on the public docket in which his name may be redacted and a second unredacted statement under seal.

Second, all judicial proceedings are presumptively open to the public and subject to the public's right to access judicial records. *See, e.g.*, *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 580 (1980). One aspect of this openness is the requirement found in Federal Rule of Civil Procedure 10(a) that parties in a lawsuit identify themselves in their pleadings. *See Doe v. Frank*, 951 F.2d 320, 322–23 (11th Cir. 2011). Rule 10(a)'s requirements are not absolute, however, and the Court may authorize a party to proceed under a pseudonym in some cases. *See Plaintiff B. v. Francis*, 631 F.3d 1310, 1315–16 (11th Cir. 2016). A litigant may proceed anonymously in cases that involve "matters of a highly sensitive and personal nature, real danger of physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the [party's] identity." *Frank*, 951 F.2d at 324.

As to the second issue, Plaintiff has not moved for leave to proceed under using a pseudonym. Nor has he provided a sufficient evidentiary basis for the Court to evaluate the factors the Eleventh Circuit has instructed courts to consider when deciding whether a party should be permitted to proceed anonymously.

Accordingly, it is **ORDERED**:

1. On or before January 12, 2024, Plaintiff shall file the disclosure statement required by Federal Rule of Civil Procedure 7.1 and Local Rule 3.03.

Plaintiff may redact his name from the publicly filed statement. If he does so, then he must file an unredacted version of the statement under seal; and

2. On or before January 19, 2024, Plaintiff shall file a motion for leave to proceed under pseudonym or file an amended complaint naming himself as Plaintiff, as required by Federal Rule of Civil Procedure 10(a). If Plaintiff moves to proceed under pseudonym, his motion shall comply with the requirements of the Local Rules and the Federal Rules of Civil Procedure. The motion shall also attach any evidentiary support that Plaintiff wishes the Court to consider in support of his motion.

**DONE** and **ORDERED** in Orlando, Florida, on January 8, 2024.

_____
ROBERT M. NORWAY
United States Magistrate Judge

Copies to:

Counsel of Record