**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

JOHN DOE, a pseudonym,

        Plaintiff,

  -vs-

GUTTERIDGE JEANCHARLES, M.D., P.A., a Florida Corporation, and GUTTERIDGE JEAN-CHARLES, M.D., an individual,

        Defendants.

CASE NO.: 6:24-cv-00034-WWB-RMN

## **PLAINTIFF'S MOTION FOR LEAVE TO FILE UNDER SEAL**

On January 19, 2024, Plaintiff John Doe ("Plaintiff") filed a Motion for Leave to Proceed Pseudonymously (Doc. 13), with a redacted Declaration from Plaintiff attached as Exhibit 1. (Doc. 13-1). This Court has not yet ruled on the underlying motion to determine if Plaintiff may proceed anonymously. As such, to protect Plaintiff's identity until this Court has had an opportunity to determine if Plaintiff may proceed under a pseudonym, Plaintiff requests that this Court grant him leave to file Exhibit 1 – the affidavit bearing his signature and name – under seal and allow the redacted version of the same affidavit to remain on the public docket.

### **MEMORANDUM OF LAW**

The public has a common-law right of access to judicial proceedings and to inspect and copy public records and documents. *Chicago Trib. Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001). The public's common-law right of access to judicial proceedings and records includes pre-trial motions (not related to discovery requests) and exhibits attached to motions. *Romero v. Drummond Co.,* 480 F.3d 1234, 1245 (11th

Cir. 2007). But, while the public has a presumptive common-law right of access, it is not absolute. See *Chicago Tribune*, 263 F.3d at 1311; *United States v. Rosenthal,* 763 F.2d 1291, 1293 (11th Cir. 1985) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978)).

The common-law right of access may be overcome by a showing of good cause which requires "balanc[ing] the asserted right of access against the other party's interest in keeping the information confidential." *Romero*, 480 F.3d at 1246 (quoting *Chicago Tribune*, 263 F.3d at 1309). "Whether good cause exists is decided by the nature and character of the information in question." *Id*. at 1315 (citing *Chicago Tribune*, 263 F.3d at 1313).

In this case, good cause exists. Plaintiff filed this case under a pseudonym and moved this Court for leave to proceed pseudonymously, including a memorandum of law further explaining the good cause. (Doc. 13). In support of that motion, Plaintiff has provided an affidavit to supplement his allegations in the Complaint that was redacted to use his pseudonym instead of his name for the filing on the public docket. Plaintiff cannot "un-ring the bell" once his name is disclosed and therefore, asks leave of this court to allow him to file the signed version of Exhibit 1 (Doc. 13-1), bearing his real name and signature, under seal. With the redacted version being available publicly, the only information not available would be Plaintiff's real name.

In the pseudonym motion, Plaintiff moved to proceed anonymously in all pre-trial proceedings and filings. If Plaintiff feels that proceeding pseudonymously is merited at trial, Plaintiff will move this Court for such a ruling at the appropriate time. As such, this sealed document, which only maintains Plaintiff's anonymity, should remain sealed for a

duration of time in conformity with this Court's ruling on the pseudonym motion.

## CONCLUSION

Plaintiff requests leave of this Court to permit Plaintiff to file the original version of Doc. 13-1, bearing Plaintiff's name and signature, under seal so as to protect Plaintiff's identity until this Court has had an opportunity to determine if Plaintiff may proceed under a pseudonym.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was delivered to a Process Server for personal service upon the Defendant.

Dated: January 21, 2024                    Respectfully Submitted,

By:  */s/ Lisa D. Haba*
Lisa D. Haba (FBN 077535)
**THE HABA LAW FIRM, P.A.**
1220 Commerce Park Drive, Suite 207
Longwood, Florida 32779
Tel.:  844-422-2529
lisahaba@habalaw.com

*Attorney for Plaintiff*

3