UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOHN DOE,

    Plaintiff,

v.

GUTTERIDGE JEANCHARLES, M.D., P.A.; and GUTTERIDGE JEAN-CHARLES,

    Defendants.

Case No. 6:24-cv-34-WWB-RMN

## ORDER

This cause comes before the Court for consideration without oral argument on Plaintiff's Motion for Leave to Proceed Pseudonymously (Dkt. 13), filed January 19, 2024 ("Motion"). Plaintiff has also filed a Motion for Leave to File Under Seal (Dkt. 14). Upon consideration, the Motion for Leave to Proceed Pseudonymously is due to be denied and the Motion for Leave to File Under Seal is due to be denied as moot.

### I. BACKGROUND

On January 5, 2024, Plaintiff, proceeding anonymously under the pseudonym "John Doe," filed suit against Defendants Gutteridge Jeancharles, M.D., P.A. and Gutteridge Jeancharles, alleging violations of the federal Trafficking Victims' Protection Reauthorization Act ("TVPRA"), violations of

the Fair Labor Standards Act ("FLSA"), breach of contract, breach of the covenant of good faith and fair dealing, promissory estoppel, quantum meruit, and unjust enrichment. Dkt. 1.

Now, Plaintiff is moving to proceed pseudonymously (Dkt. 13) and to file under seal an exhibit attached to the Motion (Dkt. 14). Defendants have not yet appeared.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 10(a) requires that "every pleading" in federal court "name all the parties." Fed. R. Civ. P. 10(a). This rule "protects the public's legitimate interest in knowing all of the facts involved, including the identities of the parties." *Plaintiff B v. Francis*, 631 F.3d 1310, 1315 (11th Cir. 2011). Although this creates a "strong presumption in favor of parties proceeding in their own names . . . the rule is not absolute." *Id.* A party may proceed anonymously or pseudonymously by establishing "a substantial privacy right which outweighs the 'customary and constitutionally-embedded presumption of openness in judicial proceedings.'" *Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992) (quoting *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981)).

Whether a party's right to privacy outweighs the presumption of judicial openness is a "totality-of-the-circumstances question." *In re Chiquita Brands Int'l Inc.*, 965 F.3d 1238, 1247 n.5 (11th Cir. 2020). The Eleventh Circuit has found that the "first step" is to consider the three factors analyzed in *Southern*

*Methodist University Association of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 712 (5th Cir. 1979) (hereinafter "*SMU*"): "whether the party seeking anonymity (1) is challenging government activity; (2) would be compelled, absent anonymity, to disclose information of utmost intimacy; or (3) would be compelled, absent anonymity, to admit an intent to engage in illegal conduct and thus risk criminal prosecution." *In re Chiquita Brands Int'l Inc.*, 965 F.3d at 1247.

Along with the *SMU* factors, the court should "carefully review all the circumstances of a given case and then decide whether the customary practice of disclosing the plaintiff's identity should yield to the plaintiff's privacy concerns." *Id.* (quoting *Plaintiff B*, 631 F.3d at 1316) (emphasis in original). For example, the court may also consider "whether the plaintiffs were minors, whether they were threatened with violence or physical harm by proceeding in their own names, and whether their anonymity posed a unique threat of fundamental unfairness to the defendant." *Plaintiff B*, 631 F.3d at 1316; *see also Doe v. Neverson*, 820 F. App'x 984, 986-87 (11th Cir. 2020). Whether a party will be permitted to proceed anonymously is a matter within the court's discretion. *Id.* at 1315.

### III. ANALYSIS

As an initial matter, the Court accepts the redacted version of Plaintiff's Declaration (Dkt. 13-1) filed with the Motion as duly signed and credible,

despite it saying John Doe. The Court reviewed the substance of the Declaration, and it does not need to be filed under seal to be considered. Thus, the Motion for Leave to File Under Seal is denied as moot.

In his Motion, Plaintiff seeks to proceed anonymously based on the third *SMU* factor—he would be compelled to admit an intent to engage in illegal conduct and risk criminal prosecution—and that without anonymity he may be subjected to embarrassment, humiliation, and retaliation. Dkt. 13 at 5, 9. Plaintiff contends that by revealing his identity he would have to admit that he intended to or potentially did engage in illegal conduct "through the unauthorized practice of medicine, thus risking criminal prosecution" under Florida law. *Id.* at 5. Plaintiff is not challenging government activity and is not alleging that he would be compelled to disclose information of the "utmost intimacy" if this Motion was denied. Further, Plaintiff argues that his alleged exploitation as a labor trafficking survivor would cause him great embarrassment and humiliation, and that Defendant would retaliate against him by hurting his reputation in the medical community. *Id.* at 9–11. As discussed below, the Court does not find Plaintiff's arguments persuasive.

Starting with the first step of considering the *SMU* factors, Plaintiff relies on the third factor that he would be compelled to admit an intent to engage in illegal conduct and risk criminal prosecution as his substantial privacy interest. Dkt. 13 at 5. Plaintiff contends that he may have violated

Florida Statutes sections 456.065 and 817.234, which make it a felony under certain circumstances to practice medicine without a license and participate in insurance fraud. *Id.* at 5–7; *see* §§ 456.065, 817.234, Fla. Stat. (2023). But Plaintiff has failed to cite any case law that advances his position or provide information that indicates any pending criminal prosecution or allegations of forthcoming charges. Without more, the Court cannot find that Plaintiff has established a substantial privacy right that outweighs the presumption of open court proceedings. *See Doe v. Florida Gulf Coast Univ. Bd. of Trustees*, 2:23-cv-245, 2023 WL 5830406, at *4 (M.D. Fla. Sept. 8, 2023) (denying motion to proceed anonymously where plaintiff did not allege that criminal charges were forthcoming or indicate pending criminal prosecution).

Further, Plaintiff is not challenging the Florida Statutes he believes he may have violated—the potential criminal conduct alleged here is tangential to the case. Courts have found the compelled to admit an intent to engage in illegal conduct factor in favor of plaintiffs where the plaintiffs are challenging the validity of the law for which they have violated or intend to violate. *See Farmworker Ass'n of Fla., Inc. v. DeSantis*, 23-cv-22655, 2024 WL 517954, at *3 (S.D. Fla. Feb. 9, 2024) (denying motion to proceed anonymously but finding that third *SMU* factor weighed in favor of plaintiffs where they admitted they had engaged in and planned to continue engaging in conduct that was newly criminalized by the Florida Statute they were challenging and collecting cases

holding same). Thus, the Court finds that the third *SMU* factor does not weigh in favor of Plaintiff.

Next, the Court will consider additional factors such as whether Plaintiff is a minor, if there have been threats of violence, or whether there is a unique threat of fundamental unfairness to Defendant. *See Plaintiff B*, 631 F.3d at 1316. Here, Plaintiff is not a minor and he does not allege threats of violence. Plaintiff proffers that he will provide his identity to Defendant subject to a protective order and so there is no unfairness as to Defendant. Dkt. 13 at 8–9. The Court agrees that that factor weighs in Plaintiff's favor, but that alone is not enough to overcome the presumption of favoring parties proceeding under their own name.

Moreover, Plaintiff states that it will cause him great embarrassment and humiliation to proceed under his name because he is an alleged victim of labor trafficking and that he fears retaliation from Defendant in the form of reputational harm. Dkt. 13 at 9. But Plaintiff again fails to provide any case law to support his position that his circumstances establish a substantial privacy right. Plaintiff simply offers more factual background about Defendant's alleged wrongdoing and how he believes Defendant will smear his reputation in the medical community because this action will expose Defendant. Dkt. 13 at 9–11; Dkt. 13-1 at 16. While the Court is sympathetic to Plaintiff's situation and concerns, fear of embarrassment, humiliation, and

retaliation is insufficient to outweigh the interest in proceeding publicly. *See Doe v. Sheely*, 781 F. App'x 972, 974 (11th Cir. 2019) ("This Court has said 'personal embarrassment' alone is not enough for leave to proceed anonymously."); *E.K v. Walt Disney Parks & Resorts U.S., Inc.*, 6:22-cv-1919, 2022 WL 17582554, at *3 (M.D. Fla. Dec. 12, 2022) (finding "reputational concerns and fear of future harassment and risk of harm . . . mostly based on pure speculation" insufficient to proceed under pseudonym).

In sum, Plaintiff has not met his burden of establishing a substantial privacy right that overcomes the presumption of judicial openness. The Court understands that Plaintiff has alleged unfortunate circumstances and reasonable fears, but the Court finds that this matter does not rise to the type of exceptional case needed to proceed pseudonymously. *See Frank*, 951 F.2d at 324 ("Lawsuits are public events. A plaintiff should be permitted to proceed anonymously only in those exceptional cases involving matters of a highly sensitive and personal nature, real danger of physical harm, or where *the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity*.") (emphasis added).

## IV.  CONCLUSION

Accordingly, it is **ORDERED**:

1. Plaintiff's Motion for Leave to Proceed Pseudonymously (Dkt. 13) is **DENIED**;

2. Plaintiff's Motion for Leave to File Under Seal (Dkt. 14) is **DENIED as moot**; and

3. Plaintiff is directed to file an amended complaint containing Plaintiff's identity on or before March 5, 2024.

0**DONE** and **ORDERED** in Orlando, Florida, on February 20, 2024.

_____
ROBERT M. NORWAY
United States Magistrate Judge

Copies to:

Counsel of Record