# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA

Golden-Collum Memorial Federal Building & U.S. Courthouse
207 NW Second Street
Ocala, Florida 34475
(352) 369-4860

| | |
|---|---|
| Elizabeth M. Warren | Lisa Fannin |
| Clerk of Court | Division Manager |

**DATE:** March 7, 2024

**TO:** Clerk, U.S. Court of Appeals for the Eleventh Circuit

**JOHN DOE, a pseudonym**

    Plaintiff,

v.                                        Case No: 6:24-cv-34-WWB-RMN

**GUTTERIDGE JEANCHARLES, M.D., P.A. and GUTTERIDGE JEAN-CHARLES**

    Defendants.

**U.S.C.A. Case No:**          **NEW APPEAL**

Enclosed are documents and information relating to an appeal in the above-referenced action. Please acknowledge receipt on the enclosed copy of this letter.

- Honorable Robert M. Norway, United States Magistrate Judge appealed from.

- Appeal filing fee was paid.

- Certified copy of Notice of Appeal, docket entries, judgment and/or Order appealed from. Opinion was not entered orally.

                                            ELIZABETH M. WARREN, CLERK

                                            By:    s/LB, Deputy Clerk

APPEAL, SL DOC

# U.S. District Court
## Middle District of Florida (Orlando)
## CIVIL DOCKET FOR CASE #: 6:24−cv−00034−WWB−RMN

| | |
|---|---|
| Doe v. Gutteridge Jeancharles, M.D., P.A. et al | Date Filed: 01/05/2024 |
| Assigned to: Judge Wendy W. Berger | Jury Demand: Plaintiff |
| Referred to: Magistrate Judge Robert M. Norway | Nature of Suit: 360 P.I.: Other |
| Cause: 28:1331 Fed. Question: Personal Injury | Jurisdiction: Federal Question |

**Plaintiff**

**John Doe**
*a pseudonym*

represented by  **Lisa Diane Haba**
The Haba Law Firm PA
1220 Commerce Park Dr
Suite 207
Longwood, FL 32771
844−422−2529
Fax: 844−422−2529
Email: lisahaba@habalaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Gutteridge Jeancharles, M.D., P.A.**
*a Florida Corporation*

**Defendant**

**Gutteridge Jean−Charles**
*an individual*

| Date Filed | # | Docket Text |
|---|---|---|
| 01/05/2024 | 1 | COMPLAINT against Gutteridge Jeancharles, M.D., P.A., Gutteridge Jean−Charles with Jury Demand (Filing fee $405 receipt number AFLMDC−21628895) filed by John Doe. (Attachments: # 1 Civil Cover Sheet, # 2 Proposed Summons)(Haba, Lisa) (Entered: 01/05/2024) |
| 01/05/2024 | 2 | NOTICE of Lead Counsel Designation by Lisa Diane Haba on behalf of John Doe. Lead Counsel: Lisa D. Haba. (Haba, Lisa) (Entered: 01/05/2024) |
| 01/05/2024 | 3 | NOTICE of a related action per Local Rule 1.07(c) by John Doe. Related case(s): No (Haba, Lisa) (Entered: 01/05/2024) |
| 01/05/2024 | 4 | NEW CASE ASSIGNED to Judge Anne C. Conway and Magistrate Judge Robert M. Norway. New case number: 6:24−cv−34−ACC−RMN. (RLK) (Entered: 01/05/2024) |
| 01/08/2024 | 5 | **ORDER directing Plaintiff to file the disclosure statement required by Federal Rule of Civil Procedure 7.1 and Local Rule 3.03 on or before January 12, 2024.** |

| | | |
|---|---|---|
| | | **Plaintiff shall file a motion for leave to proceed under pseudonym or an amended complaint on or before January 19, 2024. Signed by Magistrate Judge Robert M. Norway on 1/8/2024. (Norway, Robert)** (Entered: 01/08/2024) |
| 01/08/2024 | 6 | **ORDER reassigning this case to another active District Judge in this division for all further proceedings. Signed by Judge Anne C. Conway on 1/8/2024. (KLD)** (Entered: 01/08/2024) |
| 01/08/2024 | 7 | Case Reassigned to Judge Wendy W. Berger. New case number: 6:23−cv−34−WWB−RMN. Judge Anne C. Conway no longer assigned to the case. (RPB) (Entered: 01/08/2024) |
| 01/08/2024 | 8 | SUMMONS issued as to Gutteridge Jeancharles, M.D., P.A., Gutteridge Jean−Charles. (LSS) (Entered: 01/08/2024) |
| 01/11/2024 | 9 | CERTIFICATE of interested persons and corporate disclosure statement re 5 Order by John Doe. (Haba, Lisa) (Entered: 01/11/2024) |
| 01/11/2024 | 10 | SEALED DOCUMENT *(CERTIFICATE of interested persons and corporate disclosure statement re 5 Order)* by John Doe (Haba, Lisa). (Entered: 01/11/2024) |
| 01/12/2024 | 11 | **NOTICE TO COUNSEL AND PARTIES: The Middle District of Florida's revised Local Rules become effective February 1, 2021 and can be found on the Court's public website https://www.flmd.uscourts.gov/local−rules. Additionally, the undersigned has issued Standing Orders, available at https://www.flmd.uscourts.gov/judges/wendy−berger, that apply to all proceedings before the undersigned. For a just and efficient resolution of this case, the parties are DIRECTED to read and comply with the Middle District of Florida's Local Rules and this Court's Standing Orders. See Local Rule 1.01(a). Failure to comply with ANY Local Rules or Court Orders may result in the imposition of sanctions including, but not limited to, the dismissal of this action or entry of default without further notice. Signed by Judge Wendy W. Berger on 1/12/2024. (RMF)** (Entered: 01/12/2024) |
| 01/12/2024 | 12 | NOTICE of Local Rule 3.02(a)(2), which requires the parties in every civil proceeding, except those described in subsection (d), to file a case management report (CMR) using the uniform form at www.flmd.uscourts.gov. The CMR must be filed (1) within forty days after any defendant appears in an action originating in this court, (2) within forty days after the docketing of an action removed or transferred to this court, or (3) within seventy days after service on the United States attorney in an action against the United States, its agencies or employees. Judges may have a special CMR form for certain types of cases. These forms can be found at www.flmd.uscourts.gov under the Forms tab for each judge. (Signed by Deputy Clerk). (RMF) (Entered: 01/12/2024) |
| 01/19/2024 | 13 | MOTION for Miscellaneous Relief, specifically Leave to Proceed Pseudonymously by John Doe. (Attachments: # 1 Exhibit Declaration of Plaintiff)(Haba, Lisa) (Entered: 01/19/2024) |
| 01/21/2024 | 14 | MOTION for leave to file Affidavit of John Doe in Support of Motion for Leave to Proceed Pseudonymously under seal by John Doe (Haba, Lisa).Motions referred to Magistrate Judge Robert M. Norway. Modified text on 1/22/2024 (JK). (Entered: 01/21/2024) |
| 02/20/2024 | 15 | |

|  |  |  |
|---|---|---|
|  |  | **ORDER denying 13 Motion for Leave to Proceed Pseudonymously; denying as moot 14 Motion for Leave to File Under Seal. See Order for details. Signed by Magistrate Judge Robert M. Norway on 2/20/2024. (MLS)** (Entered: 02/20/2024) |
| 02/28/2024 | 16 | RETURN of service executed on 02/20/2024 by John Doe as to Gutteridge Jeancharles, M.D., P.A.. (Haba, Lisa) (Entered: 02/28/2024) |
| 03/02/2024 | 17 | RETURN of service executed on 2/20/2024 by John Doe as to Gutteridge Jean−Charles. (Haba, Lisa) (Entered: 03/02/2024) |
| 03/05/2024 | 18 | NOTICE OF APPEAL as to 15 Order on Motion for Miscellaneous Relief, Order on Motion for Leave to File Under Seal by John Doe. Filing fee $ 605, receipt number AFLMDC−21835426. (Haba, Lisa) (Entered: 03/05/2024) |
| 03/06/2024 | 19 | MOTION to Stay *Case Pending Appeal* by John Doe. (Haba, Lisa) (Entered: 03/06/2024) |

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOHN DOE,

    Plaintiff,

v.

GUTTERIDGE JEANCHARLES, M.D., P.A.; and GUTTERIDGE JEAN-CHARLES,

    Defendants.

Case No. 6:24-cv-34-WWB-RMN

## ORDER

This cause comes before the Court for consideration without oral argument on Plaintiff's Motion for Leave to Proceed Pseudonymously (Dkt. 13), filed January 19, 2024 ("Motion"). Plaintiff has also filed a Motion for Leave to File Under Seal (Dkt. 14). Upon consideration, the Motion for Leave to Proceed Pseudonymously is due to be denied and the Motion for Leave to File Under Seal is due to be denied as moot.

### I. BACKGROUND

On January 5, 2024, Plaintiff, proceeding anonymously under the pseudonym "John Doe," filed suit against Defendants Gutteridge Jeancharles, M.D., P.A. and Gutteridge Jeancharles, alleging violations of the federal Trafficking Victims' Protection Reauthorization Act ("TVPRA"), violations of

the Fair Labor Standards Act ("FLSA"), breach of contract, breach of the covenant of good faith and fair dealing, promissory estoppel, quantum meruit, and unjust enrichment. Dkt. 1.

Now, Plaintiff is moving to proceed pseudonymously (Dkt. 13) and to file under seal an exhibit attached to the Motion (Dkt. 14). Defendants have not yet appeared.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 10(a) requires that "every pleading" in federal court "name all the parties." Fed. R. Civ. P. 10(a). This rule "protects the public's legitimate interest in knowing all of the facts involved, including the identities of the parties." *Plaintiff B v. Francis*, 631 F.3d 1310, 1315 (11th Cir. 2011). Although this creates a "strong presumption in favor of parties proceeding in their own names . . . the rule is not absolute." *Id*. A party may proceed anonymously or pseudonymously by establishing "a substantial privacy right which outweighs the 'customary and constitutionally-embedded presumption of openness in judicial proceedings.'" *Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992) (quoting *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981)).

Whether a party's right to privacy outweighs the presumption of judicial openness is a "totality-of-the-circumstances question." *In re Chiquita Brands Int'l Inc.*, 965 F.3d 1238, 1247 n.5 (11th Cir. 2020). The Eleventh Circuit has found that the "first step" is to consider the three factors analyzed in *Southern*

*Methodist University Association of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 712 (5th Cir. 1979) (hereinafter "*SMU*"): "whether the party seeking anonymity (1) is challenging government activity; (2) would be compelled, absent anonymity, to disclose information of utmost intimacy; or (3) would be compelled, absent anonymity, to admit an intent to engage in illegal conduct and thus risk criminal prosecution." *In re Chiquita Brands Int'l Inc.*, 965 F.3d at 1247.

Along with the *SMU* factors, the court should "carefully review all the circumstances of a given case and then decide whether the customary practice of disclosing the plaintiff's identity should yield to the plaintiff's privacy concerns." *Id.* (quoting *Plaintiff B*, 631 F.3d at 1316) (emphasis in original). For example, the court may also consider "whether the plaintiffs were minors, whether they were threatened with violence or physical harm by proceeding in their own names, and whether their anonymity posed a unique threat of fundamental unfairness to the defendant." *Plaintiff B*, 631 F.3d at 1316; *see also Doe v. Neverson*, 820 F. App'x 984, 986-87 (11th Cir. 2020). Whether a party will be permitted to proceed anonymously is a matter within the court's discretion. *Id.* at 1315.

### III. ANALYSIS

As an initial matter, the Court accepts the redacted version of Plaintiff's Declaration (Dkt. 13-1) filed with the Motion as duly signed and credible,

- 3 -

despite it saying John Doe. The Court reviewed the substance of the Declaration, and it does not need to be filed under seal to be considered. Thus, the Motion for Leave to File Under Seal is denied as moot.

In his Motion, Plaintiff seeks to proceed anonymously based on the third *SMU* factor—he would be compelled to admit an intent to engage in illegal conduct and risk criminal prosecution—and that without anonymity he may be subjected to embarrassment, humiliation, and retaliation. Dkt. 13 at 5, 9. Plaintiff contends that by revealing his identity he would have to admit that he intended to or potentially did engage in illegal conduct "through the unauthorized practice of medicine, thus risking criminal prosecution" under Florida law. *Id.* at 5. Plaintiff is not challenging government activity and is not alleging that he would be compelled to disclose information of the "utmost intimacy" if this Motion was denied. Further, Plaintiff argues that his alleged exploitation as a labor trafficking survivor would cause him great embarrassment and humiliation, and that Defendant would retaliate against him by hurting his reputation in the medical community. *Id.* at 9–11. As discussed below, the Court does not find Plaintiff's arguments persuasive.

Starting with the first step of considering the *SMU* factors, Plaintiff relies on the third factor that he would be compelled to admit an intent to engage in illegal conduct and risk criminal prosecution as his substantial privacy interest. Dkt. 13 at 5. Plaintiff contends that he may have violated

Florida Statutes sections 456.065 and 817.234, which make it a felony under certain circumstances to practice medicine without a license and participate in insurance fraud. *Id.* at 5–7; *see* §§ 456.065, 817.234, Fla. Stat. (2023). But Plaintiff has failed to cite any case law that advances his position or provide information that indicates any pending criminal prosecution or allegations of forthcoming charges. Without more, the Court cannot find that Plaintiff has established a substantial privacy right that outweighs the presumption of open court proceedings. *See Doe v. Florida Gulf Coast Univ. Bd. of Trustees*, 2:23-cv-245, 2023 WL 5830406, at *4 (M.D. Fla. Sept. 8, 2023) (denying motion to proceed anonymously where plaintiff did not allege that criminal charges were forthcoming or indicate pending criminal prosecution).

Further, Plaintiff is not challenging the Florida Statutes he believes he may have violated—the potential criminal conduct alleged here is tangential to the case. Courts have found the compelled to admit an intent to engage in illegal conduct factor in favor of plaintiffs where the plaintiffs are challenging the validity of the law for which they have violated or intend to violate. *See Farmworker Ass'n of Fla., Inc. v. DeSantis*, 23-cv-22655, 2024 WL 517954, at *3 (S.D. Fla. Feb. 9, 2024) (denying motion to proceed anonymously but finding that third *SMU* factor weighed in favor of plaintiffs where they admitted they had engaged in and planned to continue engaging in conduct that was newly criminalized by the Florida Statute they were challenging and collecting cases

- 5 -

holding same). Thus, the Court finds that the third *SMU* factor does not weigh in favor of Plaintiff.

Next, the Court will consider additional factors such as whether Plaintiff is a minor, if there have been threats of violence, or whether there is a unique threat of fundamental unfairness to Defendant. *See Plaintiff B*, 631 F.3d at 1316. Here, Plaintiff is not a minor and he does not allege threats of violence. Plaintiff proffers that he will provide his identity to Defendant subject to a protective order and so there is no unfairness as to Defendant. Dkt. 13 at 8–9. The Court agrees that that factor weighs in Plaintiff's favor, but that alone is not enough to overcome the presumption of favoring parties proceeding under their own name.

Moreover, Plaintiff states that it will cause him great embarrassment and humiliation to proceed under his name because he is an alleged victim of labor trafficking and that he fears retaliation from Defendant in the form of reputational harm. Dkt. 13 at 9. But Plaintiff again fails to provide any case law to support his position that his circumstances establish a substantial privacy right. Plaintiff simply offers more factual background about Defendant's alleged wrongdoing and how he believes Defendant will smear his reputation in the medical community because this action will expose Defendant. Dkt. 13 at 9–11; Dkt. 13-1 at 16. While the Court is sympathetic to Plaintiff's situation and concerns, fear of embarrassment, humiliation, and

- 6 -

retaliation is insufficient to outweigh the interest in proceeding publicly. *See Doe v. Sheely*, 781 F. App'x 972, 974 (11th Cir. 2019) ("This Court has said 'personal embarrassment' alone is not enough for leave to proceed anonymously."); *E.K v. Walt Disney Parks & Resorts U.S., Inc.*, 6:22-cv-1919, 2022 WL 17582554, at *3 (M.D. Fla. Dec. 12, 2022) (finding "reputational concerns and fear of future harassment and risk of harm . . . mostly based on pure speculation" insufficient to proceed under pseudonym).

In sum, Plaintiff has not met his burden of establishing a substantial privacy right that overcomes the presumption of judicial openness. The Court understands that Plaintiff has alleged unfortunate circumstances and reasonable fears, but the Court finds that this matter does not rise to the type of exceptional case needed to proceed pseudonymously. *See Frank*, 951 F.2d at 324 ("Lawsuits are public events. A plaintiff should be permitted to proceed anonymously only in those exceptional cases involving matters of a highly sensitive and personal nature, real danger of physical harm, or where *the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity*.") (emphasis added).

### IV. CONCLUSION

Accordingly, it is **ORDERED**:

1. Plaintiff's Motion for Leave to Proceed Pseudonymously (Dkt. 13) is **DENIED**;

- 7 -

2. Plaintiff's Motion for Leave to File Under Seal (Dkt. 14) is **DENIED as moot**; and

3. Plaintiff is directed to file an amended complaint containing Plaintiff's identity on or before March 5, 2024.

0**DONE** and **ORDERED** in Orlando, Florida, on February 20, 2024.

_____
ROBERT M. NORWAY
United States Magistrate Judge

Copies to:

Counsel of Record

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| JOHN DOE, a pseudonym,<br><br>    Plaintiff,<br> -vs-<br><br>GUTTERIDGE JEANCHARLES, M.D., P.A., a Florida Corporation, and GUTTERIDGE JEAN-CHARLES, M.D., an individual,<br><br>    Defendants. | CASE NO.: 6:24-cv-00034-WWB-RMN |

## NOTICE OF APPEAL

Notice is hereby given that the Plaintiff in the above-named action, JOHN DOE, appeals to the United States Court of Appeals for the Eleventh Circuit from the Court's Order Denying Plaintiff's Motion to Proceed Anonymously (Doc. No. 15) dated February 20, 2024. This Order is final under 28 U.S.C. § 1291 pursuant to the collateral order doctrine. *See Southern Methodist University Ass'n v. Wynne & Jaffe*, 599 F.2d 707 (5th Cir. 1979); accord *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541 (1949).

DATED this 5th day of March, 2024, and respectfully submitted by:

        */s/ Lisa D. Haba*
        Lisa D. Haba (FBN 077535)
        **THE HABA LAW FIRM, P.A.**
        1220 Commerce Park Drive, Suite 207
        Longwood, Florida 32779
        Tel.: 844-422-2529
        lisahaba@habalaw.com

        *Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 5, 2024, a true and correct copy of the foregoing was filed with the Clerk of Court using CM/ECF electronic filing system, and mailed to Defendants, Gutteridge JeanCharles M.D., P.A. and Gutteridge Jean-Charles, M.D. at 1781 Park Center Drive, Ste. 120, Orlando, FL 32835.

                                                      */s/ Lisa D. Haba*
                                                      Lisa D. Haba, Esq.

2