UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOHN DOE, a pseudonym,

    Plaintiff,

vs.                                        CASE NO.:  6:24-cv-00034-RMN

GUTTERIDGE JEANCHARLES, M.D., P.A.,
a Florida Corporation, and
GUTTERIDGE JEAN-CHARLES, M.D.,
an individual,

    Defendants.
_____/

## DEFENDANTS' MOTION FOR LEAVE TO FILE SUR-REPLY

**COME NOW** Defendants Gutteridge JeanCharles, M.D., P.A., and Gutteridge Jean-Charles, M.D., through their undersigned counsel, and pursuant to Local Rule 3.01(d), hereby respectfully move this Court for leave to file a concise sur-reply of not more than ten (10) pages, to Plaintiff's Brief in Opposition to Defendants' Motion to Strike, or Alternatively, Dismiss Plaintiff's Complaint [Doc. 38], stating:

    1.    Defendants seek to file a sur-reply to Plaintiff's Brief in Opposition to Defendants' Motion to Strike, or Alternatively, Dismiss Plaintiff's Complaint ("Opposition Brief").  This is warranted given the complexity of the legal issues involved in this action.

    2.    Defendants make this Motion requesting authorization to file a reply to Plaintiff's Opposition in order to clarify factual inaccuracies and legal mischaracterizations contained in Plaintiff's Opposition Brief.  The additional information and argument would assist the Court in clarifying the facts and issues and assist in the resolution of the Motion.

## MEMORANDUM OF LAW

Under Middle District of Florida Local Rule 3.01(d), " . . . [n]o party may reply without

leave."  A party moving for a reply brief must show good cause.  <u>McDonald v. United States</u>, No. 3:13-cv-168-J-37MCR, 2013 U.S. Dist. LEXIS 105666, 2013 WL 3901871, at *1 n.3 (M.D. Fla. July 29, 2013).

Nothing in the Federal Rules of Civil Procedure prohibits the filing of sur-replies.  See <u>USMoney Source, Inc. v. Am. Int'l Specialty Lines Ins. Co.</u>, No. 1:07-cv-0682-WSD, 2008 WL 160709, at *2 n.5 (N.D. Ga. Jan. 15, 2008) (granting parties' motions to file supplemental briefing and noting that although sur-replies are not allowed as a matter of right: "the Court may in its discretion permit the filing of a sur-reply . . . where a valid reason for such additional briefing exists"), rev'd and remanded on other grounds, 288 Fed. App'x 558, 563 (11th Cir. 2008).  Thus, the decision to grant a party permission to file a sur-reply is within this Court's discretion.  See <u>Groobert v. President and Dirs. of Georgetown College</u>, 2019 F. Supp. 2d 1, 13 (D.D.C. 2002).  A ten (10) page sur-reply brief is not unreasonable.  <u>See</u>, <u>Short v. Immokalee Water & Sewage Dist.</u>, 2019 U.S. Dist. LEXIS 230131, 2019 WL 8370778 (M.D. Fla., Order dated Jan. 23, 2019).

"The standard for granting a leave to file a sur-reply is whether the party making the motion would be unable to contest matters presented to the court for the first time in the opposing party's reply."  <u>Lewis v. Rumsfeld</u>, 154 F. Supp. 2d 56, 61 (D.D.C. 2001).  In this case the Plaintiff has made allegations in the Plaintiff's reply that Defendants have not been able to contest.

Defendants satisfy these standards because the Plaintiff's reply brief presents several matters which require clarification, and Defendants have not been able to previously contest these matters.

## REQUESTED RELIEF

For the reasons set forth above, Defendants respectfully request the Court exercise its discretion and grant leave to file their sur-reply brief of not more than ten (10) pages to clarify the facts and issues in response to Plaintiff's Brief in Opposition [Doc. 38].

## LOCAL RULE 3.01(g) CERTIFICATION

I certify that I have conferred with opposing counsel, Lisa Haba, Esquire, about the subject of this Motion by telephone on May 16, 2024. She did not agree with the position of the Defendants. The Parties could not agree on the resolution of the issues in this Motion.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have filed the foregoing with the Clerk of Court using the CM/ECF electronic filing system which automatically sends a copy electronically to all persons who have made an appearance, on this 16th day of May 2024.

/s/ George F. Indest III
**GEORGE F. INDEST III, ESQUIRE**
**LEAD COUNSEL/TRIAL COUNSEL/**
**COUNSEL TO BE NOTICED**
Certified by The Florida Bar in Health Law
Florida Bar No.: 382426
Primary E-mail: GIndest@TheHealthLawFirm.com
Secondary E-mail: Courtfilings@TheHealthLawFirm.com
**THE HEALTH LAW FIRM, P.A.**
1101 Douglas Avenue, Ste. 1000
Altamonte Springs, Florida 32714
Telephone: (407) 331-6620
Telefax: (407) 331-3030
**COUNSEL FOR DEFENDANTS,**
**GUTTERIDGE JEANCHARLES, M.D., P.A., and**
**GUTTERIDGE JEAN-CHARLES, M.D.**

GFI/sg
S:\3400-3499\3480\001-MD Fla\410-Pleadings-Drafts & Finals\Motion for Leave to Sur-Reply.wpd