# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF FLORIDA

# ORLANDO DIVISION

| | |
|---|---|
| JOHN DOE, a pseudonym,<br>Plaintiff,<br>-vs-<br>GUTTERIDGE JEANCHARLES, M.D., P.A., a Florida Corporation, and GUTTERIDGE JEAN-CHARLES, M.D., an individual,<br>Defendants | CASE NO.: 6:24-cv-00034-RMN<br><br>Proposed Amicus Brief in Support of the Order Denying Plaintiff's Motion for Leave to Proceed Pseudonymously |

## Table of Contents

Table of Contents ............................................................................................................. 1

Summary of Argument .................................................................................................... 2

Argument .......................................................................................................................... 3

    I.    The Magistrate Judge correctly applied the legal standard for pseudonymity. ................................................................................................... 3

    II.    Neither Plaintiff's immigration status nor his having been allegedly defrauded by his employer is information of the utmost intimacy. .................... 4

    III.    Plaintiff's fear of economic retaliation does not justify pseudonymity. .............. 5

    IV.    Plaintiff's alleged risk of criminal prosecution does not justify pseudonymity, because he is not challenging the law he may have violated. ................................................................................................................ 5

    V.    Plaintiff's suit is against a private party and thus anonymity would unfairly favor Plaintiff. ........................................................................................ 7

Conclusion ....................................................................................................................... 7

Certificate of Service ...................................................................................................... 8

**Summary of Argument**

I. "It is the exceptional case in which a plaintiff may proceed under a fictitious name." *Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992). This is not one such exceptional case.

II. That Plaintiff was allegedly defrauded and exploited by Defendants, Dkt. 49 at 12, is not "information of the utmost intimacy." *Frank*, 951 F.2d at 323. "The risk that a plaintiff may suffer some embarrassment is not enough" to justify pseudonymity. *Id.* at 324. Courts have found matters of the utmost intimacy to include "issues such as abortion, and prayer and personal religious beliefs." *Plaintiff B v. Francis*, 631 F.3d 1310, 1316 (11th Cir. 2011) (citations omitted). While information about sexual assault can sometimes rise to the level of utmost intimacy, even then "courts have often denied the protection of anonymity in cases where plaintiffs allege sexual assault." *Id.* That Plaintiff was allegedly a "victim of labor trafficking," Dkt. 49 at 12, with no sexual dimension to the trafficking, is not information as intimate as information about abortion or sexual assault.

III. Plaintiff's "fear of reputational harm," Dkt. 49 at 12, likewise does not rise to the level of "real danger of physical harm," *Frank*, 951 F.2d at 324, that suffices to justify pseudonymity. *S. Methodist Univ. Ass'n of Women Law Students v Wynne & Jaffe*, 599 F.2d 707, 713 (5th Cir. 1979) (denying pseudonymity where Title VII plaintiffs feared "retaliation from their their current employers [and] prospective future employers"); *see also Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1207 (11th Cir. 1981) (adopting pre-September 30, 1981 Fifth Circuit precedent as binding in the Eleventh Circuit).

IV. Nor can pseudonymity be justified under the theory that Plaintiff would risk criminal prosecution if his name is disclosed. Cases have generally applied this factor when plaintiffs challenge the statute or regulation under which they risk prosecution. *See, e.g.*,

2

*Wynne & Jaffe,* 599 F.2d at 713 (citing cases challenging abortion laws and welfare regulations). If these plaintiffs must sue under their own name, these laws could not effectively be challenged because "[t]o deny [plaintiffs] permission to proceed by pseudonym would . . . discourage them from pursuing their constitutional challenge." *Farmworker Ass'n of Fla., Inc. v. DeSantis*, No. 23-CV-22655, 2024 WL 517954, at *3 (S.D. Fla. Feb. 9, 2024) (citations omitted). This reasoning does not extend to more general admission of criminal activity.

V. Defendants are private entities, not the government. In lawsuits against private individuals, *Wynne & Jaffe* "found more reason not to grant the plaintiffs' request for anonymity." *Frank*, 951 F.2d at 324. This is because "the mere filing of a civil action against other private parties may cause damage to their good names and reputation and may also result in economic harm." *Id.* (cleaned up). Thus, "[b]asic fairness dictates that those. . . who wish to participate in this suit . . . must do so under their real names." *Id.* (cleaned up).

For all these reasons, the argument for party anonymity does not outweigh the "customary and constitutionally-embedded presumption of openness in judicial proceedings," *id.* at 323 (cleaned up), and therefore the Magistrate Judge's decision should be affirmed.

## Argument

### I. The Magistrate Judge correctly applied the legal standard for pseudonymity.

"Federal Rule of Civil Procedure 10(a) provides that 'every pleading' in federal court 'must name all the parties.' The rule does not merely further administrative convenience—it protects the public's legitimate interest in knowing all of the facts involved, including the identities of the parties . . . . Parties may use fictitious names only in exceptional cases." *In re: Chiquita Brands Int'l, Inc.*, 965 F.3d 1238, 1247 (11th Cir. 2020) (cleaned up). The

Magistrate Judge considered each of the factors in *Wynne & Jaffe* along with all the additional arguments presented by Plaintiff, thus applying the correct legal standard.

## II. Neither Plaintiff's immigration status nor his having been allegedly defrauded by his employer is information of the utmost intimacy.

It is immaterial that Plaintiff alleges that publicizing his employment conditions would cause him "great embarrassment and humiliation," Dkt. 49 at 12, as "'personal embarrassment' alone is not enough for leave to proceed anonymously." *Doe v. Sheely*, 781 F. App'x 972, 974 (11th Cir. 2019) (citing *Frank*, 951 F.2d at 324).

Pseudonymity may be allowed to shield "information of utmost intimacy," but that is limited to "issues such as abortion, and prayer and personal religious beliefs." *Plaintiff B*, 631 F.3d at 1316 (citations omitted). Even matters ordinarily considered private are often not considered to be of the utmost intimacy. *See, e.g.*, *id.* ("[C]ourts have often denied the protection of anonymity in cases where plaintiffs allege sexual assault, even when revealing the plaintiff's identity may cause her to suffer some personal embarrassment." (quotations omitted)).

In particular, "immigration status isn't one of the limited categories of facts courts typically view as 'intimate' for purposes of granting anonymity." *Farmworker Ass'n*, 2024 WL 517954, at *5 (collecting cases). Likewise, information about employment conditions is routinely held to not be of the utmost intimacy. *See, e.g.*, *Wynne & Jaffe,* 599 F.2d at 713 (denying anonymity in sex discrimination case); *Doe v. Fam. Dollar Stores, Inc.*, No. 1:07-CV-1262-TWT-CCH, 2007 WL 9706836, at *3 (N.D. Ga. Oct. 17, 2007) (denying anonymity where Plaintiff alleged their employer sexually harassed and assaulted them).

### III. Plaintiff's fear of economic retaliation does not justify pseudonymity.

"Real danger of physical harm" can justify pseudonymity. *Frank*, 951 F.2d at 324. But the risk of "economic harm is not enough." *Doe I v. City of Alabaster, Alabama*, No. 2:11-cv-3448-VEH, 2012 WL 13088882, at *4 (N.D. Ala. Apr. 26, 2012) (citing *Doe v. C.A.R.S. Protection Plus, Inc.*, 527 F.3d 358, 371 n. 2 (3d Cir. 2008); *Doe v. Kamehameha Sch./Bernice Pauahi Bishop Estate*, 596 F.3d 1036, 1043 (9th Cir. 2010)). Like in *Wynne & Jaffe,* Plaintiff fears "retaliation from [his] current employers [and] prospective future employers." 599 F.2d at 713 (denying anonymity). Thus, there is "no greater threat of retaliation" than when a "typical plaintiff" is suing a former employer. *Id.* And such typical employment cases are routinely litigated under the parties' real names.

### IV. Plaintiff's alleged risk of criminal prosecution does not justify pseudonymity, because he is not challenging the law he may have violated.

Plaintiff is not "aided by dictum . . . that plaintiffs allowed to proceed anonymously 'also had to admit that they either had violated state laws or government regulations or wished to engage in prohibited conduct.' That dictum refers to cases where plaintiffs are allowed to proceed anonymously in challenging the very laws or regulations they have violated or wish to violate." *Doe v. Merten,* 219 F.R.D. 387, 392 (E.D. Va. 2004) (denying pseudonymity where plaintiff would need to reveal their illegal immigration status) (citing *Wynne & Jaffe*, 599 F.2d at 713).

Just as the "governmental activity" pseudonymity factor "must be viewed in the context that it was first articulated," *Frank*, 951 F.2d at 323, so must the "engage in illegal conduct" factor. Like the "government activity factor," the "engage in illegal conduct" factor was originally mentioned in *Wynne & Jaffe*, 599 F.2d at 713, which "identified factors presented in cases permitting party anonymity." *Stegall*, 653 F.2d at 185. In particular, the

5

cases *Wynne & Jaffe* cited for engaging in illegal conduct were cases challenging abortion laws and welfare regulations, the very laws plaintiffs wished to violate. *Wynne & Jaffe*, 599 F.2d at 713 n.12. And such situations are indeed "exceptional cases," in the words of *Frank*, 951 F.2d at 324; there is nothing "exceptional" about parties simply having violated some law.

Indeed, since this factor was initially formulated, courts have continued using it when plaintiffs challenge the laws or regulations they wish to violate. *See, e.g.*, *Farmworker Ass'n*, 2024 WL 517954, at *1 (challenging SB 1718); *Doe v. Strange*, No. 2:15-CV-606-WKW, 2016 WL 1168487, at *2 (M.D. Ala. Mar. 24, 2016) (challenging sex offender registration requirements); *Free Speech v. Reno*, No. 98 CIV. 2680 MBM, 1999 WL 47310, at *1 (S.D.N.Y. Feb. 1, 1999) (challenging "certain provisions of the Federal Communications Act of 1934 and regulations of the Federal Communications Commission"). The only exception of which amicus is aware involves potential retaliation from prison guards for the alleged violation; involves other factors that by themselves often suffice to justify pseudonymity, such as the presence of sexual abuse of plaintiffs, who had been minors when the sexual abuse had happened; and relies on the fact that the defendants "do not present any reason why Plaintiffs' request should not be granted." *Doe 1 v. Michigan Dep't of Corr.*, No. 13-14356, 2014 WL 2207136, at *10 (E.D. Mich. May 28, 2014) (challenging Michigan's department of corrections for housing juveniles with adult inmates and enabling the sexual abuse of minors).

Pseudonymity is necessary for plaintiffs challenging laws they plan to violate because denying them pseudonymity would, "more likely than not, discourage them from pursuing their constitutional challenge." *Farmworker Ass'n*, 2024 WL 517954, at *3 (S.D. Fla. Feb.

6

9, 2024). A more general exception for anyone exposing past criminal behavior does not serve the same function of allowing constitutional challenges. Here, Plaintiff is not challenging the "Florida Statutes . . . that make it a felony to practice medicine without a license (F.S. § 456.065), or to participate in insurance fraud (F.S. § 817.234)," Dkt. 49 at 8. It would be unfair to allow people who allege that they have violated the law to proceed pseudonymously when law-abiding citizens are not allowed to do so.

### V. Plaintiff's suit is against a private party and thus anonymity would unfairly favor Plaintiff.

*Wynne & Jaffe* "found more reason not to grant the plaintiffs' request for anonymity" when a lawsuit is against private parties rather than the government:

> While [suits against the government] involve no injury to the Government's "reputation," the mere filing of a civil action against other private parties may cause damage to their good names and reputation and may also result in economic harm. Defendant . . . stand[s] publicly accused of serious violations of federal law. Basic fairness dictates that those among the defendants' accusers who wish to participate in this suit as individual party plaintiffs must do so under their real names.

*Frank*, 951 F.2d at 324 (citation omitted). Likewise, here, Plaintiff accuses Defendants of "labor trafficking," a serious violation of federal law. This lawsuit may damage the Defendants' reputation and result in economic harm. If guilty, Defendants may deserve this stigma, but while the case is being litigated, they are presumed innocent. "It is only equitable that, if Plaintiffs are allowed to bring damaging and highly-embarrassing charges against Defendants using their true names, they be required to identify themselves as well." *Fam. Dollar Stores*, 2007 WL 9706836, at *3.

### Conclusion

This employment case is not exceptional. It does not involve information of the utmost intimacy or any risk of physical harm. That plaintiff alleges to have committed a crime

7

does not afford him more rights than the typical law-abiding litigant. Thus, the argument for party anonymity does not outweigh the "customary and constitutionally-embedded presumption of openness in judicial proceedings," and the Magistrate Judge's decision should be affirmed. *Frank*, 951 F.2d at 323 (quotations omitted).

Respectfully Submitted,

s/ Eugene Volokh
*Pro se*
First Amendment Clinic
UCLA School of Law
385 Charles E. Young Dr. E
Los Angeles, CA 90095
(310) 206-3926
volokh@law.ucla.edu

**Certificate of Service**

On June 5, 2024, I electronically filed this motion via the court's Electronic Document Submission Web Portal system, and also e-mailed it to counsel for the parties, George F. Indest (gindest@thehealthlawfirm.com) and Lisa Haba (lisahaba@habalaw.com).

s/ Eugene Volokh