UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| JOHN DOE,<br><br>　Plaintiff,<br><br>vs.<br><br>GUTTERIDGE JEAN-CHARLES, M.D., P.A.; and GUTTERIDGE JEAN-CHARLES,<br><br>　Defendants. | Case No.<br>6:24-cv-34-RMN |

# ORDER

This matter is before the Court on Plaintiff's Motion to Modify or Vacate Order by Magistrate Judge (Dkt. 49), filed May 23, 2024 ("Motion"). Defendants oppose (Dkt. 52), as does a friend of the Court (Dkt. 51). Upon consideration, the Motion is due to be denied.

## I.　BACKGROUND

### A.　Factual Allegations

Plaintiff alleges he is a graduate of a foreign medical school who entered the United States on a visa that permitted him to attend a medical residency program. Dkt. 1 ("Comp.") ¶ 17. He later married and applied for a visa waiver that would permit him to work in the United States. *Id.* ¶¶ 18–21. While waiting for the federal

government to approve his work authorization, Plaintiff applied for medical residency programs but was not selected. *Id.* ¶¶ 22–23. Plaintiff then determined he "needed to work in a clinic to gain experience so the following year, he could 'match' a residency program." *Id.* ¶ 24.

Thereafter, Plaintiff found and responded to an advertisement posted on an internet employment website for a position with Defendants. Comp. ¶¶ 25–26. Plaintiff then had a virtual interview for the advertised position, received an offer via email, and followed up with several inquiries about the specifics. *Id.* ¶¶ 27–31.

Next, Plaintiff visited Defendants office in person and met Defendant Dr. Jean-Charles and his staff. Compl. ¶ 32. Plaintiff inquired about the salary and Defendant Dr. Jean-Charles indicated that a clinical assistant position paid $32,000 to $36,000 per year. *Id.* ¶¶ 33–34. Plaintiff also met an employee who had recently matched into a residency program and now views that interaction as Defendant Dr. Jean-Charles dangling matching to Plaintiff because he knew that was Plaintiff's goal. *Id.* ¶ 35. After returning home from the visit, Plaintiff accepted the job with Defendants. *Id.* ¶ 36.

During his employment with Defendants, Plaintiff alleges Defendants engaged in labor trafficking. Compl. ¶¶ 37–110. Plaintiff contends that this included refusal to compensate (*id.* ¶¶ 45–56), failure to direct, teach, or train (*id.* ¶¶ 63–71), and exploitation (*id.* ¶¶ 72–110). The factual allegations support causes of action for violations of the federal Trafficking Victims' Protection Reauthorization Act ("TVPRA"), violations of the Fair Labor Standards Act ("FLSA"), breach of contract, breach of the covenant

of good faith and fair dealing, promissory estoppel, quantum meruit, and unjust enrichment. *Id.* ¶¶ 121–88.

### B. Procedural History

Plaintiff filed this action on January 5, 2024, under the pseudonym John Doe. Dkt. 1. On January 8, 2024, the Court directed Plaintiff to move for leave to proceed under pseudonym or file an amended complaint on or before January 19, 2024. Dkt. 5.

As directed, on January 19, 2024, Plaintiff filed his Motion for Leave to Proceed Pseudonymously. Dkt. 13. The Court denied that Motion on February 20, 2024. Dkt. 15. Then, on March 5, 2024, Plaintiff filed a Notice of Appeal to the Eleventh Circuit regarding the Court's Order Denying Plaintiff's Motion to Proceed Pseudonymously (Dkt. 15). *See* Dkt. 18. In a decision dated April 23, 2024, the Eleventh Circuit dismissed Plaintiff's appeal because it lacks jurisdiction to review a magistrate judge's order. Dkt. 32 (citing 28 U.S.C. § 1291, *Donovan v. Sarasota Concrete Co.*, 693 F.2d 1061 (11th Cir. 1982), and *United States v. Schultz*, 565 F.3d 1353, 1359 (11th Cir. 2009)).

After the appeal was dismissed, Plaintiff and Defendants filed a written consent to have a magistrate judge conduct all proceedings in this case, including trial, entry of final judgment, and all post-trial proceedings. Dkt. 33. Once the Eleventh Circuit issued its mandate regarding Plaintiff's Notice of Appeal (Dkt.48), Plaintiff filed the instant Motion to Modify or Vacate Order by Magistrate Judge (Dkt. 49). Defendants responded in opposition (Dkt. 52), and so did a friend of the Court (Dkt. 51). The matter is ripe for review.

## II. LEGAL STANDARD AND DISCUSSION

The Court will first address the Motion as framed—that is as an appeal of the February 20, 2024 Order denying Plaintiff leave to proceed using a pseudonym (Dkt. 15). The Court will then consider the Motion as if it were filed as a Motion for Reconsideration.

### A.     Plaintiff's appeal is untimely.

Plaintiff frames his Motion as an appeal from an Order, dated February 20, 2024, issued by the magistrate judge denying him leave to proceed using a pseudonym. Dkt. 49 at 4–5. Putting aside the propriety of appealing an order issued by a magistrate judge after consenting to having the magistrate judge conduct all proceedings, the Court finds Plaintiff's objection to be untimely.

Plaintiff acknowledges that Federal Rule of Civil Procedure 72(a) requires objections to orders on non-dispositive motions issued by magistrate judges to be filed within 14 days of issuance of the order. Dkt. 49 at 5. Plaintiff admits that, on the last day of this period, he filed a Notice of Interlocutory Appeal to the Court of Appeals for the Eleventh Circuit, not an objection to the Order directed to the district judge. *Id.* at 5; *see also* Dkt. 19 (Motion to Stay). Plaintiff argues that this filing counts as a timely objection, regardless of his original intent. *Id.* In support, he relies on *In re Gonzalez*, No. 1:20-mc-24628, 2023 WL 9422463, at *1 (S.D. Fla. Dec. 21, 2023), an unpublished order affirming a magistrate judge's decision to grant in part an application for attorney's fees in a discovery dispute. *Id.* at 5–6.

Defendants contend that the Notice of Appeal is not a proper objection, arguing that the Notice did not comply with presiding

District Judge's standing order. Dkt. 52 at 10. Because of this, Defendants maintain Plaintiff waived any right to further review of that decision. *Id.* at 9.

Defendants have the better argument. The filings in this case demonstrate that Plaintiff and his counsel intended to file an interlocutory appeal of the Order, not an objection, based on a misunderstanding of the applicable law. *See* Dkts. 18 (Notice of Appeal), 19 (Motion to Stay). Only after the Eleventh Circuit dismissed his appeal did Plaintiff file an objection to the Order. By then, it was too late. *See* Fed. R. Civ. P. 72(a).

But as with any deadline imposed by the Federal Rules of Civil Procedure, the Court may, for good cause, extend the time permitted if the "party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). So far as the Court can discern, that is what occurred in the case cited by Plaintiff.[1]

There is no good cause here to deem the Motion or the Notice of Appeal to be deemed a timely filed objection, and Plaintiff has not even tried to make a showing of excusable neglect. Nor could he as it is well-established that counsel's "misunderstanding of the law cannot constitute excusable neglect." *Advanced Estimating Sys., Inc. v. Riney*, 130 F.3d 996, 999 (11th Cir. 1997).

---

[1] The order in *Gonzalez* does not explain why the district judge reviewed the untimely objection filed in that case. *See* 2023 WL 9422463, at *1. In any event, *Gonzalez* suggests only that the Court could exercise its discretion to consider an untimely objection in some circumstances.

The Court therefore finds Plaintiff did not file a timely objection to the February 20, 2024 Order and did not demonstrate excusable neglect, as required by Rule 6(b)(1)(B), to file an out-of-time objection. On this basis, the Motion is denied.

### B. Even if the Court construes the Motion to be one for reconsideration, it should be denied.

Even if Plaintiff thought to frame his Motion as seeking reconsideration of the February 20, 2024 Order, the Court would deny it.

Reconsideration is an extraordinary remedy that will only be granted upon a showing of one of the following: (1) an intervening change in law; (2) the discovery of new evidence that was not available at the time the Court rendered its decision; or (3) the need to correct clear error or manifest injustice. *Fla. Coll. Of Osteopathic Med. v. Dean Witter Reynolds*, 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998). "A motion for reconsideration cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Wilchombe v. TeeVee Toons*, 555 F.3d 949, 957 (11th Cir. 2009) (internal quotation marks omitted). It is wholly inappropriate in a motion for reconsideration to relitigate the merits of the case or to "vent dissatisfaction with the Court's reasoning." *Madura v. BAC Home Loans Servicing L.P.*, No. 8:11-cv-2511, 2013 WL 4055851, at *2 (M.D. Fla. Aug. 12, 2013) (citation omitted). Instead, the moving party must set forth "strongly convincing" reasons for the Court to change its decision. *Id.* at *1.

Plaintiff does not contend that there has been an intervening change in law or discovery of new evidence, but rather that there is

a need to correct clear error or manifest injustice. Dkt. 49 at 8–13. Plaintiff's argument is founded in his disagreement with how the Court weighed the third factor laid out in *S. Methodist University Association of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 712 (5th Cir. 1979), and the other factors laid out in *Plaintiff B v. Francis*, 631 F.3d 1310, 1315–16 (11th Cir. 2011). *Id.* Mere disagreements with the Court's conclusions, however, are not enough. *Michael Linet, Inc. v. Vill. of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005) (affirming denial of reconsideration where plaintiff merely "disagreed with the district court's treatment of certain facts and its legal conclusions.").

Whether a party will be permitted to proceed anonymously is a matter within the Court's discretion. *Plaintiff B*, 631 F.3d at 1315. The Court used its discretion to deny Plaintiff's request because Plaintiff did not establish that this action is an exceptional case in which Plaintiff must proceed pseudonymously. *See* Dkt. 15 at 7.

Plaintiff has not established that the Court's Order contained clear error or manifest injustice; he is merely rearguing points previously considered by the Court. *See McGuire v. Ryland Grp., Inc.*, 497 F. Supp. 2d 1356, 1358 (M.D. Fla. 2007) ("[T]his Court will not reconsider a previous ruling when a 'party's motion fails to raise new issues and, instead, only relitigates what has already been found lacking.'") (citation omitted); *see also Gold Cross EMS, Inc. v. Child.'s Hosp. of Alabama*, 108 F. Supp. 3d 1376, 1380 (S.D. Ga. 2015) ("An error is not 'clear and obvious' if the legal issues are 'at least arguable.'") (citation omitted).

In sum, the Motion does not raise an intervening change in law, provide new evidence that was not available at the time the Court rendered its decision, or demonstrate the need to correct clear error or manifest injustice. It is therefore denied.

### III.  CONCLUSION

Accordingly, it is **ORDERED**:

1. Plaintiff's Motion to Modify or Vacate Order by Magistrate Judge (Dkt. 49) is **DENIED**; and

2. Plaintiff is granted leave to file an Amended Complaint on or before February 18, 2025.

**DONE** and **ORDERED** in Orlando, Florida, on February 4, 2025.

_____
ROBERT M. NORWAY
*United States Magistrate Judge*

Copies to:
Counsel of Record