# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

| | |
|---|---|
| JOHN DOE,<br><br>    Plaintiff,<br><br>    vs.<br><br>GUTTERIDGE JEAN-CHARLES, M.D., P.A.; and GUTTERIDGE JEAN-CHARLES,<br><br>    Defendants. | Case No.<br>6:24-cv-34-RMN |

## **ORDER**

This matter is before the Court on Defendants' Motion for Sanctions (Dkt. 46), filed May 20, 2024 ("Motion"). Plaintiff responded in opposition. Dkt. 50. Upon consideration, the Motion is due to be denied without prejudice.

On January 5, 2024, Plaintiff, proceeding anonymously under the pseudonym "John Doe," filed a complaint against Defendants Gutteridge Jean-Charles, M.D., P.A. and Gutteridge Jean-Charles, alleging violations of the federal Trafficking Victims' Protection Reauthorization Act ("TVPRA"), violations of the Fair Labor Standards Act ("FLSA"), breach of contract, breach of the covenant of good faith and fair dealing, promissory estoppel, quantum meruit, and unjust enrichment. Dkt. 1.

Later, on May 20, 2024, Defendants filed the instant Motion for Sanctions under Rule 11. Dkt. 46. There, Defendants argue the Complaint is frivolous, a sham, contains false statements of fact and law, was filed for an improper purpose, its claims do not pass muster, and it violates Rule 11. *Id.* Defendants ask for attorneys' fees and costs, and for the Complaint to be struck and the causes of action dismissed with prejudice. *Id.* at 23–24.

"Rule 11 discourages frivolous claims, defenses, and motions by allowing courts to sanction parties who file (1) pleadings with no reasonable factual basis, (2) pleadings based on a legal theory with no reasonable chance of success or reasonable argument to change existing law, or (3) pleadings filed in bad faith for an improper purpose." *E-Z Dock, Inc. v. Snap Dock, LLC*, No. 2:21-cv-450, 2021 WL 4050951, at *1 (M.D. Fla. Aug. 31, 2021) (citing *Worldwide Primates, Inc. v. McGreal*, 87 F.3d 1252, 1254 (11th Cir. 1996)).

The Court finds the Motion to be premature. *See E-Z Dock, Inc.*, 2021 WL 4050951, at *1 ("Courts normally consider Rule 11 motions attacking pleadings at the end of litigation."); *Wright v. Edwards*, No. 6:24-cv-196, 2024 WL 4769682, at *2 (M.D. Fla. Nov. 13, 2024) (denying motion for Rule 11 sanctions as premature where basis of sanctions requests was the pleadings and collecting cases finding same). The crux of Defendants' motion is that the allegations in the Complaint are false, misleading, and objectionably baseless. *See* Dkt. 46 at 9–16. Such arguments are best raised after the resolution of the case. *See United States ex rel. Bell v. Cross Garden Care Ctr., LLC*, No. 8:16-cv-961, 2020 WL 3971832, at *2 (M.D. Fla. July 14, 2020) (denying without prejudice as premature motion for

Rule 11 sanctions based on an allegedly objectively frivolous complaint that lacked a reasonable basis, finding the motion more properly renewed at the close of the litigation); *see also Bigford v. BESM, Inc.*, No. 12-61215-civ, 2012 WL 12886184, at *2 (S.D. Fla. Oct. 12, 2012) ("Rule 11 should not be used to raise issues as to the legal sufficiency of a claim or defense that more appropriately can be disposed of by a motion to dismiss, a motion for judgment on the pleadings, a motion for summary judgment, or a trial on the merits.") (quotations and citations omitted).

Under these circumstances, and because the basis for Defendants' request for Rule 11 sanctions are the sufficiency of the pleadings, it is appropriate to deny the request for sanctions under Rule 11 without prejudice as premature.

Accordingly, it is **ORDERED** that Defendants' Motion for Sanctions (Dkt. 46) is **DENIED without prejudice as premature**.

**DONE** and **ORDERED** in Orlando, Florida, on February 4, 2025.

_____
ROBERT M. NORWAY
*United States Magistrate Judge*

Copies to:
Counsel of Record