UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

YASSER MOHAMED ALI ALI
ESMAEIL, M.D.,

    Plaintiff,

  vs.

GUTTERIDGE JEANCHARLES,
M.D., P.A.; and GUTTERIDGE JEAN-
CHARLES, M.D.,

    Defendants.

Case No.
6:24-cv-34-RMN

## ORDER

This matter is before the Court without argument on Defendant's Motion for Entitlement to Attorney's Fees (Dkt. 79), filed on March 19, 2025. Plaintiff opposes the motion. Dkt. 80.

### I. BACKGROUND

The Court presumes the parties are familiar with the allegations in the pleadings and the procedural posture of this action. Plaintiff voluntarily dismissed this action without prejudice. Thereafter, Defendants filed a motion for entitlement to an award of attorney's fees and costs. Plaintiff opposes the motion, which is ripe for adjudication.

## II. ANALYSIS

### A. Jurisdiction

To begin, Plaintiff contends the Court lacks jurisdiction to adjudicate the motion. Dkt. 80 at 3–4. Plaintiff is incorrect. *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395 (1990) (noting that, even after a plaintiff voluntarily dismisses his suit, a court may still consider particular "collateral issues," such as motions for awards of costs and attorney's fees, which are "independent proceeding[s] supplemental to the original proceeding") (alteration in original) (quoting *Sprague v. Ticonic Nat'l Bank*, 307 U.S. 161, 170 (1939)); *see also White v. N.H. Dep't of Emp. Sec.*, 455 U. S. 445, 451 n.13 (1982).

### B. TVPRA Fee-Shifting Provision

Defendants seek an award of attorney's fees under 18 U.S.C. § 1595(a). Dkt. 79 at 10–11. Defendants claim that they may recover fees under this statute because they are a prevailing party. *Id.* at 11. Plaintiff argues in response that the statute authorizes awards only to trafficking victims. Dkt. 80 at 8–9.

The TVPRA contains a fee-shifting provision, which provides:

> An individual who is a victim of a violation of this chapter may bring a civil action against the perpetrator (or whoever knowingly benefits, or attempts or conspires to benefit, financially or by receiving anything of value from participation in a venture which that person knew or should have known has engaged in an act in violation of this

> chapter) in an appropriate district court of the United States and may recover damages and reasonable attorneys fees.

18 U.S.C. § 1595(a). To interpret this provision, the Court first looks to the statutory text itself. *Gregory v. Comm'r of Internal Revenue*, 69 F.4th 762, 766 (11th Cir. 2023) (citing *Harris v. Garner*, 216 F.3d 970, 972 (11th Cir. 2000) (en banc)). "If the text of the statute is unambiguous," the Court "look[s] no further" and applies the law as written. *Iberiabank v. Beneva 41-I, LLC*, 701 F.3d 916, 924 (11th Cir. 2012).

The TVPRA fee-shifting provision is clear and unambiguous. It shifts fees one-way, permitting awards of reasonable attorney's fees only to trafficking victims. *See* 18 U.S.C. § 1595(a). For this reason, Defendants' request for fees under the TVPRA is without merit.

### C. FLSA Fee-Shifting Provision

Defendants also request, without any argument in support, an award of attorney's fees under the fee-shifting provision of the Fair Labor Standards Act. Dkt. 79 at 14 (requesting relief under 29 U.S.C. § 216(b)). The failure to cite legal authority in support of their request "suggests either that there is no authority to sustain [Defendants'] position or that [they] expect[] the court to do [their] research." *Rapid Transit Lines, Inc. v. Wichita Developers, Inc.*, 435 F.2d 850, 852 (10th Cir. 1970). In either case, the Court finds that Defendants have failed to adequately support this request and therefore denies it.

### D. State Law

Defendants ask the Court to award attorney's fees and costs under section 57.105(1) and section 448.08 of the Florida Statutes. Dkt. 79 at 12–13. Section 57.105(1) provides that a "court shall award a reasonable attorney's fee . . . to the prevailing party . . . [if] the court finds . . . a claim or defense . . . : (a) Was not supported by the material facts necessary to establish the claim or defense; or (b) Would not be supported by the application of then-existing law to those material facts." This statute contains a safe harbor provision, which requires the moving party to serve the offending party with the motion at least 21 days before the motion is filed with the Court. *See* Fla. Stat. § 57.105(4).

There is no indication in the motion that Defendants complied with the requirements of the safe harbor provision. *See* Dkt. 79 at 12 (omitting the safe harbor requirements). For this reason alone, it would be error to award fees. *See, e.g.*, *Fantauzzi v. Fleck*, 385 So. 3d 1098, 1103 (Fla. 4th DCA 2024) (A "trial court commits reversible error when it grants a motion for sanctions that fails to comply with the safe harbor provision in section 57.105(4).").

Section 448.08 of the Florida Statues provides that a "court may award to the prevailing party in an action for unpaid wages costs of the action and a reasonable attorney's fee." Defendants contend that, because Plaintiff voluntarily dismissed this case, they are prevailing parties and are "entitled to an award of their attorney's fees." Defendants are mistaken. They are not entitled to an award as

prevailing parties. The Court may, in the exercise of discretion, make such an award, if merited. *Woods v. United Indus.*, 596 So. 2d 801, 802 (Fla. 1st DCA 1992) (noting, "section 448.08 vests with the trial court the ultimate discretion as to whether attorney's fees should be awarded"). Here, Defendants offer no argument or evidence in support of their claim for such an award, except for their claim as a prevailing party. The Court declines to award fees under the statute on that basis alone.

### E. Authorities Incorporated by Reference

Defendants also somewhat vaguely contend that the Court should award fees pursuant to Federal Rule of Civil Procedure 11 and Section 57.105 of the Florida Statutes based on arguments made in a previously denied motion. Dkt. 79 at 9–10. Local Rule 3.01(f) prohibits litigants from "incorporate[ing] by reference all or part of any other motion, legal memorandum, or brief." To the extent Defendants intend to reassert a request for fees raised in another filing, the request is denied for violating Local Rule 3.01(f).

### III. CONCLUSION

Accordingly, it is **ORDERED** and **ADJUDGED** that Defendant's Motion for Entitlement to Attorney's Fees (Dkt. 79) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida, on September 18, 2025.

_____
ROBERT M. NORWAY
*United States Magistrate Judge*

Copies to:

Counsel of Record